UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CARRIE ODDO, | ) |
|                Plaintiff, | ) |
| v. | ) Case No. |
| PEE DEE FOOD SERVICE | ) |
|                Defendant. | ) |

## COMPLAINT

Plaintiff, Carrie Oddo ( hereinafter "Oddo" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Pee Dee Food Service (hereinafter "Pee Dee" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) and she seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay her for all overtime hours worked.

## THE PARTIES

3. The Plaintiff is an adult individual who is a resident of Florence County, South Carolina.

1

4. Plaintiff was employed by Defendant at its facility located at 2499 Florence Harllee Blvd., Florence, South Carolina.

5. Upon information and belief, Defendant is a South Carolina company licensed to do business in the State of South Carolina.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. This Court has personal jurisdiction because Defendant conducts business in Florence County, South Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Florence County, South Carolina.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12.     At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14.     Defendant is a food service vending and catering company headquartered in Florence, South Carolina.

15.     At all relevant times, Plaintiff was employed by Defendant with the job title of Assistant Commissary Food Service Manager.

16.     Plaintiff was paid a weekly salary of $834.84 per week.

17.     Plaintiff's primary duty was performing manual labor in the preparation of food. Plaintiff's primary duties included making sandwiches, cutting meat, unloading trucks, stocking the cooler and freezers with food supplies, meal prep work, and the cooking of food. Plaintiff's primary duties did not include the management of Defendant's Commissary. Plaintiff's primary duties did not include the exercise of discretion and independent judgment.

18.     During the last three years of her employment Plaintiff worked approximately 50 to 55 hours per week.

19.     Plaintiff reported to, was supervised by, and given daily instructions on the performance of her work duties and assignments by Commissary Manager Phil Stevenson.

20.	Plaintiff was a nonexempt employee within the meaning of the FLSA and under the FLSA should have been paid overtime for any hours worked in excess of forty (40) hours in any workweek, as required by the FLSA.

21.	Plaintiff worked in excess of forty (40) hours each workweek during her employment. Despite having worked in excess of forty (40) hours each workweek, Defendant failed to pay Plaintiff any overtime compensation in violation of the FLSA.

22.	Defendant's managerial employees, including Phil Stevenson, and General Manager Les Ward, were aware that Plaintiff was working in excess of forty (40) hours each workweek and that she was not being paid any compensation for her overtime hours. They also knew the job duties performed by Plaintiff did not satisfy any overtime exemption contained in the FLSA.

23.	Therefore, Defendant had knowledge that Plaintiff regularly worked more than forty (40) hours per workweek and that she was not being paid any overtime compensation and that her job duties did not satisfy any overtime exemption found in the FLSA. Defendant's violation of the FLSA was willful.

### First Cause of Action-Violation of FLSA – Overtime

24.	Plaintiff incorporates by reference paragraphs 1-23 of her Complaint.

25.	Plaintiff, throughout her employment with Defendant was a nonexempt employee within the meaning of the FLSA and the implementing rules and regulations of the FLSA.

26.	Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

27. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff.

28. Defendant's failure to pay the Plaintiff the federally mandated overtime wages is a willful violation of the violation of the FLSA within the meaning of 29 U.S.C. §216(b).

29. As a consequence of the defendant's violation of the FLSA, the Plaintiff is entitled to recover her unpaid overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) An Order awarding interest at the highest rates allowed by law;

e) An Order granting such other and further relief as may be necessary and appropriate, and

f) Plaintiff demands a jury trial in this matter.

Respectfully submitted,

 /s/ Jacob J. Modla
Jacob J. Modla (Fed ID No: 12639)
Cromer Babb Porter & Hicks
1418 Laurel St., Suite A
Columbia, SC 29201
Telephone: 803-799-9530
E-Mail: jake@cbphlaw.com